## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

**AUG 3 0 2011**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| SAIED TADAYON and BIJAN TADAYON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:10-cv-01326-ABJ |
| ) | |
| GREYHOUND LINES, Inc. ) | Honorable Amy Berman Jackson |
| d/b/a BOLTBUS, d/b/a NeOn, ) | |
| ) | |
| Defendant. ) | |

# STIPULATED PROTECTIVE ORDER

pro se Plaintiffs, Saied Tadayon and Bijan Tadayon ("Patentees", "Plaintiffs"), and

Greyhound Lines, Inc. ("Greyhound", "Defendant") through its counsel of record, and subject to

the approval of the Court, hereby stipulate pursuant to Federal Rule of Civil Procedure 26(c) to

the entry of a protective order in the above-captioned action ("Action"), as follows: (Per the

Court's Minute Order of August 29, 2011, Par 26 has been revised to make it conform to LCvR

5.1(j)(1).)

### A. Definitions

1. "Party": any party to this action, including all of its officers, directors, employees,

consultants, retained experts, and outside counsel (and their support staff).

2. "Material": all information, documents and things produced, served or otherwise

provided in this action by the Parties or by non-parties.

3.     "CONFIDENTIAL": For the purposes of this Protective Order, confidential Material designated as "CONFIDENTIAL" means information, documents, and things the Producing Party (1) believes in good faith is not generally known to others, and (2) represents to be proprietary and confidential material or information, trade secret or other confidential research/development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G).

4.     "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY": For the purposes of this Protective Order, confidential Material designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" means CONFIDENTIAL information, documents, and things (1) the Producing Party believes in good faith is not generally known to others; (2) represents to be proprietary and confidential material or information, trade secret or other confidential research/development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G); and (3) the Producing Party represents is of sensitive in nature or has significant competitive value such that disclosure on terms other than those specified in this Protective Order would create a substantial risk of serious commercial injury to the Producing Party. The Parties agree that the following information, provided it is CONFIDENTIAL, shall be presumed to merit the "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, employee information, licensing documents and licensing communications, settlement agreements or settlement negotiations, material related to royalty revenues, patent agent/inventor communications, patent agent work product, material related to inventor and inventorship, material related to preparation and filing of patent application, research, design, and

development, material related to conception and reduction to practice, material related to the patent/patent application assignments and personal/business relationships between inventor and assignees, initial disclosures and discoveries in other litigations or proceedings, and other CONFIDENTIAL information, documents, and things of similar sensitivity.

5.      "Producing Party": a Party or non-party that produces Material in this action. The status of a third party as a "Producing Party" shall not be construed to permit such third party Producing Party access to any Materials designated by any Party or by any other third party pursuant to this Protective Order.

6.      "Receiving Party": a Party that receives Material from a Producing Party.

7.      "Designated Material": Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Protective Order.

8.      "Designating Party": a Party or non-party that designates Material in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".

9.      "Counsel of Record": (i) outside counsel who have entered an appearance on behalf of a Party to this action and (ii) partners, associates, and employees of such counsel to whom it is reasonably necessary to disclose the Designated Material in conjunction with work on this litigation being done by counsel who have entered an appearance, including supporting personnel employed by the attorneys, such as contract attorneys, paralegals, legal translators, legal secretaries, legal clerks, and coders, and (iii) subcontract independent legal translators retained to translate in connection with this action, videographers, or independent shorthand reporters retained to record and transcribe testimony in connection with this action. Counsel of

Record shall take reasonable steps to limit access to the Designated Material by their partners, associates, employees, and subcontractors who do not need such access for purposes of this litigation. No employee of a Party shall be considered "Counsel of Record" for purposes of this Protective Order, even if they have entered an appearance in this action. Notwithstanding the forgoing, for the purpose of this Protective Order, Saied Tadayon and Bijan Tadayon are individually a "Counsel of Record", whether or not represented by an outside counsel(s) at any point in time.

10.    "Representative": an individual who is either a full-time employee of a Party or a current officer, director, or managerial employee of a Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

11.    "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or by Counsel of Record to serve as a testifying expert witness or as a non-testifying consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

12.    "Professional Vendors": persons or entities that provide litigation support services (e.g., laboratory analysis, photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; coding; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

## B.    Scope

13.    The protections conferred by this Protective Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

## C.    Access To Designated Material

14.    CONFIDENTIAL Material: Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" by a Producing Party only to the following:

(a)    current officers, directors, and managerial employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(b)    Representatives who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, provided that the Receiving Party shall promptly notify the Producing Party the followings: (i) the identity (including name, title, and corresponding organization) of the Representative(s) upon the Representative's signing the "Agreement To Be Bound By Protective Order", and (ii) the identification of Designated Material disclosed to the Representative(s);

(c)    Saied Tadayon and Bijan Tadayon;

(d)    Counsel of Record;

(e) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(f) persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

(g) witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Protective Order;

(h) the Court and its personnel;

(i) any designated arbitrator or mediator who is either assigned by the Court or appointed by the Parties to hear this matter, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(j) court reporters;

(k) Professional Vendors to which disclosure is reasonably necessary for this litigation; and

(l) those identified in Paragraphs 20-21 below regarding use of Designated Material at depositions.

15.    HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "HIGHLY CONFIDENTIAL-

ATTORNEYS' EYES ONLY" by a Producing Party only to those identified in Paragraphs 14(c)-(l).

16.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so prior to the time such Designated Material is disclosed to him or her. Counsel for a Party wishing to make any disclosure of Designated Material shall retain each original executed certificate, and shall provide a copy of executed "Agreement To Be Bound By Protective Order" and "Certification Of Consultant" (if applicable) to counsel of the Producing Party at least seven (7) business days prior to the disclosure, during which the Producing Party may object in writing to such disclosure. No objection shall be interposed except in good faith, and any such objection shall be reasonable and must set forth in detail the grounds for the objection. Upon such objection, the Counsel for the Party wishing to make any disclosure and the Producing Party shall promptly meet and confer to try to resolve the objection.

## D.     Access By Outside Consultants

17.     Notice. If a Receiving Party wishes to disclose Designated Material to any Outside Consultant, such Receiving Party must provide prior written notice (at least seven (7) business days prior to the disclosure) to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; and (e) a signed copy of the Agreement To Be Bound By Protective Order attached as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B. This paragraph shall not be in any way construed to limit the disclosure requirements set forth in Fed. R. Civ. P. 26(a)(2).

## E.    Use Of Designated Material

18.    Use Of Designated Material By Receiving Party. Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way.

19.    Use Of Designated Material By Designating Party. Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person.

20.    Use of Designated Material at Depositions. Except as expressly provided herein or as otherwise ordered by the Court, Designated Material shall be disclosed only to individuals who are authorized to have access to it under the terms of this Protective Order. Notwithstanding the foregoing:

a)    An individual who is a former director, officer, agent and/or employee of a Producing Party may be interviewed, examined, and may testify concerning all Designated Material on the face of which they appear as an author, addressee, or recipient, or that counsel reasonably believes in good faith the witness received contemporaneously; Provided, further the Designated Material relates to matters of which the witness had personal knowledge, has been produced by that Party, and pertains to the period or periods of his or her employment;

b)    A third party witness may be examined or testify concerning any document containing Designated Material on the face of which they appear as an author, addressee, or recipient, or that counsel reasonably believes in good faith the witness received contemporaneously; and

c)      Any person who is not authorized under this Protective Order to have access to

Designated Material shall be excluded from the portion of the examination concerning such

information, unless the Producing Party consents to persons other than qualified recipients being

present at the examination.

21.     A witness who previously had access to Material designated "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," but who is not under a present non

disclosure agreement with the Producing Party that covers the Designated Material , may be

shown the document if a copy of this Protective Order is attached to any subpoena or notice or

request served on the witness for the deposition; and the witness is advised on the record of the

existence of the Protective Order and that they are required to keep confidential any questions,

testimony, or documents that are designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY." The witnesses may not copy, take notes on, or

retain copies of any Designated Material used or reviewed at the deposition.

## F.      Procedure for Designating Materials

22.     Designated Material shall be marked at the time it is produced. Designation in conformity

with this Protective Order requires:

a)      For information in documentary form (apart from transcripts of depositions or other

pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL," or

"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", on each page that contains

Designated Material. For testimony given in deposition or in other pretrial or trial proceedings,

the Designating Party shall designate those portions of the testimony as "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Transcript pages containing

Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the appropriate legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by the Designating Party, and the cover for each deposition transcript must also bear the same legends, as instructed by the Designating Party. The videotape, DVD, CD-ROM, etc., that is used to store a videotaped deposition containing Designated Material shall also bear the appropriate confidentiality legend. Electronic files of the transcript of a deposition containing Designated Material shall also include an appropriate designation in the file name.

b)      For Material produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the Material is stored the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".

23.      Upon discovery of an inadvertent failure to designate, as soon as reasonably possible, a Producing Party may notify the Receiving Party in writing that the Material is to be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". Upon receipt of such notice, the Receiving Party must make reasonable efforts to ensure that the Designated Material is treated in accordance with the terms of this Protective Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of documents bearing the revised confidentiality designation.

24.      The disclosure or production by the Producing Party of information shall be without prejudice to any claim by the Producing Party that such material is privileged within the meaning of Rule 26 or protected from discovery as work-product within the meaning of Rule 26; and no

party shall be held to have waived any of its rights under Rule 26 by such production. If, after

such material is produced, a claim of privilege or work-product is subsequently made, the

Receiving Party shall take reasonable steps to ensure that all known copies of such discovery

material are returned promptly to the Producing Party. If data or information has been extracted

from discovery material which is subsequently returned, to the extent possible, the information

and/or data will be expunged and not used. However, to the extent that, prior to being notified of

the inadvertent production, the Receiving Party uses in good faith such information and/or data

in documents filed with the Court or at depositions, the Receiving Party will have no obligation

to expunge such information and/or data from, or otherwise to alter, any such document filed

with the Court or the transcript of any such deposition. After the return of such material, claims

of privilege or work-product may be submitted for resolution pursuant to further order of the

Court or by subsequent agreement of the parties. That determination shall be made without

regard to the fact that such material was inadvertently produced. In addition, such material will

not be subject to production in any other proceeding by virtue of the fact that it has been

inadvertently disclosed in this proceeding.

25.     The terms of paragraph 22 regarding the marking of documents will not control where a

party, in response to a document request, elects to make originals or working copies of

documents available to Counsel of Record for the Receiving Party (or parties) to review before

making production copies, provided that the Producing Party does not unreasonably delay

production of such documents with correct designation (including no designation). In that case, a

Producing Party is not obligated to make any confidentiality designation upon such documents at

the time they are made available. Instead, all documents at the time they are made available to

Counsel of Record for the Receiving Party shall be treated as "HIGHLY CONFIDENTIAL-

ATTORNEYS' EYES ONLY" until the Producing Party delivers production copies, at which

time the confidentiality designations (including no designation) the Producing Party will have

made will control. Any originals or working copies of documents that Counsel of Record for the

Receiving Party has elected not to have copied will continue to be treated as "HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY".

## G.   Filing Designated Material

26.    To the extent that either Party wishes to file or submit Designated Material to the Court,

that party shall file or submit said Designated Material under seal ONLY in accordance with

LCvR 5.1(j) for the United States District Court for the District of Columbia or as the Court

orders.

## H.   Challenges to Confidentiality Designations

27.    The Parties will use reasonable care when designating documents or information as

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". Nothing

in this Protective Order shall prevent a Receiving Party from contending that Designated

Material has been improperly designated.

28.    A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation at the time made, and

the failure to do so shall not preclude a subsequent challenge thereto. The Parties shall meet and

confer regarding any challenge to a designation, the challenge shall be in writing, and shall be

served on Counsel of Record for the Producing Party, and shall particularly identify the

documents or information that the Receiving Party contends should be differently designated and

the basis for the demand. The Parties shall use their best efforts to resolve promptly and

informally such disputes. If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation.

## I.    Protected Material Subpoenaed or Ordered Produced in Other Litigation

29.    If a Receiving Party receives compulsory process of a court, or tribunal of competent jurisdiction concerning other litigations that would compel disclosure of any Designated Material, the Receiving Party shall notify the Designating Party, in writing (e.g., by fax, email, or mail) within a reasonable amount of time. The Receiving Party shall inform the party issuing such compulsory process that some or all the material covered by the process is the subject of this Protective Order, and unless required by the compulsory process of the court or tribunal, the Receiving Party shall refrain from disclosure of said Designated Material without the consent of the Designating Party. To any extent the Receiving Party produces said Designated Material pursuant to such compulsory process of the court or tribunal, the Receiving Party shall produce said Designated Material under a protective order. The Designating Party shall bear the burdens and the expenses of seeking its own protection in that court or tribunal of its Designated Material, should the requesting party challenges the designation of said Designated Material or should the Designating Party decides to intervene (e.g., in order to quash the request or subpoena for said Designated Material in the court or tribunal).

## J.    Unauthorized Disclosure Of Designated Material

30.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of each

unauthorized disclosure; (b) use its best efforts to retrieve all copies of the Designated Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Protective Order; and (d) request such person or persons to execute the "Acknowledgment

and Agreement to Be Bound" that is attached hereto as Exhibit A.

## K.    Duration and Disposition

31.    The confidentiality obligations imposed by this Protective Order shall remain in effect

following the termination of this action, unless a Designating Party agrees otherwise in writing

or a court order otherwise directs.

32.    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

after the final disposition of this action, each Receiving Party must destroy or return all

Designated Material to the Producing Party. As used in this Paragraph, "all Designated Material"

includes all copies, abstracts, compilations, summaries or any other form of reproducing or

capturing any of the Designated Material. The Receiving Party must submit a written

confirmation of the return or destruction to the Producing Party (and, if not the same person or

entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Counsel

of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts

(including exhibits), transcripts of other proceedings (including exhibits), expert reports

(including exhibits), discovery requests and responses (including exhibits), exhibits offered or

introduced into evidence at trial, legal memoranda, and correspondence or attorney work

product, even if such materials contain Designated Material. Any such archival copies that

contain or constitute Designated Material remain subject to this Protective Order. Other than the

archival copy, documents containing Designated Material must be removed from any electronic

databases of Counsel of Record.

## L. Miscellaneous

33.     Except as expressly set forth in this Protective Order, this Protective Order is without

prejudice to the rights of the Parties. Nothing in this Protective Order shall be construed to

restrict any Party from applying to the Court at any time for additional protection or to relax or

rescind the restrictions of this Protective Order, when convenience or necessity requires.

34.     All disputes concerning Designated Material produced under the protection of this

Protective Order shall be resolved in the United States District Court for the District of

Columbia. Every individual or entity who receives any Designated Material agrees to subject

herself or himself to the jurisdiction of this Court for the purpose of any proceedings related to

performance under, compliance with, or violation of this Protective Order.

**SO ORDERED:**

Dated: August 30, , 2011

_____
Honorable Amy Berman Jackson
United States District Court

WE ASK FOR THIS:


/s Saied Tadayon_____          /s Heather A. Boice_____
Saied Tadayon, Ph.D. (DC Bar 982453)     Michael T. Murphy
                                          DC Bar No. 386156
                                          K&L Gates LLP
*Bijan Tadayon* (signature)               1601 K Street, N.W.
_____          Washington, D.C. 20006-1600
Bijan Tadayon, Ph.D., J.D.                Telephone: 202-778-9176
                                          Facsimile: 202-778-9100
11204 Albermyrtle Road
Potomac, MD  20854                        Irving B. Levinson
Tel. (301) 294-0434                       Michael R. Osterhoff
Fax (301) 294-0312                        Heather A. Boice
                                          K&L Gates LLP
pro se Plaintiffs                         70 W. Madison Street, Suite 3100
                                          Chicago, Illinois 60602-4207
                                          Telephone: 312-372-1121
                                          Facsimile: 312-827-8000

                                          Attorneys for Defendant


Dated: August 29, 2011

# CERTIFICATE OF SERVICE

I hereby certify that on <u>August 29, 2011</u>, I caused to be served upon the attorney for

Defendant listed below by ECF, a true and correct copy of STIPULATED PROTECTIVE

ORDER and its Exhibits A and B on behalf of Plaintiffs.


Michael T. Murphy
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006-1600


Dated: <u>August 29, 2011</u>                                     <u>      /s Saied Tadayon      </u>
                                                                                     Saied Tadayon
                                                                                     <u>pro</u> <u>se</u> Plaintiff

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1.     I reside at _____

2.     My present employer is at _____

3.     My present occupation or job description is _____

4.     I agree to keep confidential all information provided to me in the matter of <u>Tadayon et al.</u> <u>v. Greyhound Lines Inc.</u>, Civil Action No. 1:10-cv-01326-ABJ in the United States District Court for the District of Columbia and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.     I have been informed of and have reviewed the Protective Order entered in this case; I agree to be bound by and to comply with all the terms of the Protective Order; and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Protective Order;

6.     I agree to return all documents containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information to Counsel of Record, by whom I have been retained or from whom I have received the documents, immediately at the conclusion of this litigation.

     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on     _____

Printed name: _____

Signature:       _____

# EXHIBIT B

## CERTIFICATION OF CONSULTANT

I, _____ [print or type full name], of:

_____

am not an employee of the Party who retained me. If at any time after I execute this Certificate of

Consultant and during the pendency of the Action I become an employee of the Party who

retained me, I will promptly inform the counsel for the Party who retained me in the Action, and

I will not thereafter review any Designated Materials marked by the opposing Party as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" unless and

until the Parties agree or the Court orders otherwise. I state under penalty of perjury under the

laws of the United States of America that the foregoing is true and correct.

Executed on     _____

Printed name:  _____

Signature:        _____